UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| MAXX LYMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GLOBE LIFE INC.,<br><br>*Defendant*. | Civil Action No. 4:23-cv-00911 |

**REPLY IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

Defendant Globe Life, Inc. ("Globe Life") submits the following Reply in Support of its Motion to Dismiss ("Motion" or "Mot.") the Amended Complaint filed by Plaintiff Maxx Lyman ("Plaintiff").

In its Motion, Globe Life established that Plaintiff cannot state a viable Telephone Consumer Protection Act ("TCPA") claim and that the Amended Complaint should be dismissed in its entirety. Plaintiff's Opposition to the Motion ("Opposition" or "Opp.") fails to provide any justification for allowing Plaintiff to maintain this cause of action against Globe Life, Inc., a holding company that does not sell insurance or place calls to consumers to sell or market insurance. The Opposition underscores why dismissal is appropriate for at least three reasons. First, Plaintiff entirely misapprehends the law on subject matter jurisdiction and the elements of Article III standing. Plaintiff has altogether failed to rebut Globe Life's evidence confirming that Plaintiff's alleged injury cannot be fairly traced to the acts of Globe Life. This is alone sufficient to dismiss the Amended Complaint. Second, Plaintiff failed to allege facts in support of his claim that Globe Life is directly liable for TCPA violations. On this point, Plaintiff impermissibly relies

1

on unpled allegations to suggest that Globe Life itself physically placed the calls and then separately (and inconsistently) contends that Globe Life is somehow indirectly responsible for the acts of unnamed third parties that may have actually placed the calls. And third, Plaintiff fails to meaningfully respond to Globe Life's arguments that the Amended Complaint lacks allegations sufficient to claim that the alleged calls constitute "telephone solicitations" as proscribed by the TCPA. Plaintiff ignores the applicable legal authority cited in the Motion and states, without any explanation, that the two conclusory allegations in the Amended Complaint are enough to avoid dismissal. For these reasons, the Amended Complaint should be dismissed with prejudice.

## ARGUMENT

### I. Plaintiff's Standing Arguments Find No Support In The Law

Globe Life has submitted the sworn testimony of Paul Anderson confirming that—contrary to Plaintiff's allegations—Globe Life is a holding company that does not sell insurance and does not place telemarketing calls to potential customers. Accordingly, any injury that Plaintiff has allegedly suffered by receiving telemarketing calls cannot be traced to Globe Life. Importantly, Plaintiff offers no evidence to controvert Globe Life's evidence in this regard and therefore cannot satisfy its burden to establish "by a preponderance of the evidence that the court does have subject matter jurisdiction." *ESN, LLC v. Cisco Sys., Inc.,* 685 F. Supp. 2d 631, 640 (E.D. Tex. 2009). The declaration Plaintiff submits suggests only that an individual "stated he was calling from Globe Life and wanted to sell me a Globe Life branded insurance policy." Even if true, at most, this evidence demonstrates that someone intentionally or unintentionally represented they were calling from Globe Life. But the fact that Globe Life is a holding company that does not place any such telemarketing calls remains uncontroverted. This alone warrants dismissal of Plaintiff's entire complaint against Globe Life.

Instead of attempting to dispute Globe Life's evidence, Plaintiff posits that, for purposes of Article III standing, it simply does not matter whether "Plaintiff has sued the wrong Defendant." Opp. at 3. This assertion contravenes the entire purpose underlying the traceability requirement. A plaintiff's standing to sue depends on whether his injury is fairly traceable to the named defendant's actions. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Yet Plaintiff insists on maintaining a claim against Globe Life, Inc.—a holding company that does not sell insurance— and proclaims, without basis, that the identity of the defendant is essentially irrelevant to the question of subject matter jurisdiction. The Opposition takes this further by suggesting that Globe Life somehow bears the burden of identifying the proper defendant for Plaintiff at the pleading stage. *See* Opp. at 6 (criticizing Globe Life for not "making any attempt to proffer the correct party or provide a contrary explanation for the Plaintiff's allegations"). This contention finds no support in the law. Globe Life has no obligation to plead Plaintiff's case for him. Plaintiff, not Globe Life, must "state a claim to relief that is plausible on its face," and Plaintiff must have a legal basis for suing the defendant he names in the lawsuit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Opposition asserts that Plaintiff has standing because—contrary to Plaintiff's own allegations—an unalleged, unspecified subsidiary company of Globe Life is responsible for Plaintiff's injury. Opp. at 7–8. Plaintiff goes on to argue in purely conclusory fashion that the unnamed "actual subsidiary tortfeasor . . . is merely an alter-ego of the Defendant," and therefore, "a judgment against a parent holding company would likely redress the harm committed by a subsidiary." Opp. at 8. This argument fails for multiple reasons. First, Plaintiff's operative complaint does not contain factual allegations concerning any Globe Life subsidiaries or allege in any way that Plaintiff is vicariously liable for the alleged conduct of a subsidiary. On the contrary,

3

Plaintiff amended his original Complaint to clarify that he is "alleging Globe Life made the calls *directly*" before pivoting once again after realizing that his Amended Complaint is similarly deficient. Amended Compl. ¶ 24 (emphasis added). Second, Plaintiff is incorrect that simply "suing the parent of a subsidiary is sufficient to confer standing." Opp. at 5. Plaintiff's arguments find no support in the law and disregard the "general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). Plaintiff has neither alleged any facts about the alleged conduct of any of Globe Life's subsidiaries nor submitted any evidence in support of his new theory that Globe Life is vicariously liable for the acts of some unidentified non-party corporation.

The singular case cited by Plaintiff in support of this argument directly contradicts Plaintiff's position in this case. In *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001), a decision concerning personal jurisdiction that has since been abrogated, the court explicitly acknowledged that a parent and its subsidiaries are separate entities and that "[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Id.* The court further ruled that the plaintiff failed to establish that the parent company was merely the "alter ego" of its subsidiary. *Id.* at 928 ("Plaintiffs' evidence here establishes only that [defendant] is an active parent corporation involved directly in decision-making about its subsidiaries' holdings . . . [defendant] and its subsidiaries observe all of the corporate formalities necessary to maintain corporate separateness."). Unlike the *Unocal* plaintiff, Plaintiff here has pled absolutely no facts whatsoever in support of this new "alter ego" theory that he mentions for the first time in his Opposition. And, again, such a claim directly contradicts Plaintiff's own

4

allegations in the Amended Complaint that "Globe Life made the calls directly." Amended Compl. ¶ 24.

The Opposition entirely mischaracterizes Globe Life's Motion—Globe Life has not suggested that Plaintiff must plead "the precise corporate form, organization, and structure of the entity that placed the call." Opp. at 6. Rather, Globe Life asserts that Plaintiff has not—and cannot—establish that the defendant Plaintiff has named is responsible for his alleged injury. Globe Life has established through its Motion and accompanying declaration is that it is impossible for Plaintiff to plead such facts because Globe Life does not sell insurance, does not call customers to sell insurance, and would have no occasion to direct anyone to call Plaintiff to sell him insurance. Plaintiff does not have standing to sue Globe Life, and his Amended Complaint should therefore be dismissed.

## II.   Plaintiff Fails To Adequately Allege Direct Liability

The Opposition's response to Defendant's contention that Plaintiff failed to plead direct TCPA liability is particularly puzzling in light of how Plaintiff chose to amend his original Complaint. *See* Amended Compl. ¶ 24 (alleging for the first time that Globe Life directly placed the calls). When Globe Life first moved to dismiss the original Complaint, Globe Life sought dismissal because Plaintiff failed to plead facts to establish either direct or vicarious liability. Dkt. 7 at 8–12. Thereafter, Plaintiff filed his Amended Complaint, this time adding a conclusory allegation that "Globe Life made the calls directly." Amended Compl. ¶ 24. In light of this amendment, it was clear that Plaintiff was pursuing his TCPA claim on a theory of direct liability. Accordingly, the instant Motion set forth Globe Life's argument that Plaintiff failed to plead direct liability. Critically, as set forth in Globe Life's Motion, Plaintiff failed to allege any facts supporting his conclusion that Globe Life itself physically placed the alleged calls at issue, as required to impose direct liability under the TCPA. *See* Mot. at 9–10 (collecting cases). Plaintiff

5

suggests that he has sufficiently alleged direct liability by claiming that Plaintiff alleged that "the caller stated he was calling from Globe Life" and that, when the number was called back, Plaintiff "was connected to an agent of Globe Life." Opp. at 9. Plaintiff goes on to argue that he has supported these assertions with a declaration. *Id.* But "these assertions" are nowhere in the complaint and Plaintiff cannot amend his complaint through a declaration attached to his Opposition. Moreover, these unpled assertions are insufficient to properly state a claim against Globe Life; at best they state that a caller mentioned Globe Life, not that Globe Life, Inc. placed a call to Plaintiff as is required to establish liability under the TCPA.

Next, Plaintiff pivots and asserts that it essentially does not matter whether Globe Life directly placed the alleged calls. Plaintiff argues that this is a "red herring," because if Globe Life did not call him "who did, then?" Opp. at 8.[1] That is a question for Plaintiff to answer, not Globe Life, and Plaintiff must start by first alleging who is responsible for directly placing the alleged calls.

Despite alleging direct liability in the Amended Complaint, Plaintiff now insists that the allegations in the Amended Complaint are sufficient to withstand dismissal because Plaintiff alternatively claims that perhaps a subsidiary of Globe Life called him. To be clear, Plaintiff has pled absolutely no facts to support the Opposition's arguments here regarding vicarious liability. Nowhere in the Complaint does Plaintiff suggest that a subsidiary or any third party acted on behalf of Globe Life. The Amended Complaint only alleges that Globe Life was "identified" on the calls

---

[1] Plaintiff confuses Globe Life's separate and distinct arguments under Rule 12(b)(1) and Rule 12(b)(6), respectively. Globe Life does not rely on Mr. Anderson's declaration in support of its arguments under Rule 12(b)(6). Rather, under Rule 12(b)(6), dismissal is warranted based solely on Plaintiff's failure to sufficiently allege that Globe Life physically placed the calls at issue. Mr. Anderson's declaration is neither necessary nor proper for this purpose, and Globe Life does not rely on it. Nevertheless, in response, Plaintiff refers to Mr. Anderson's declaration and improperly relies on his own in addressing dismissal under Rule 12(b)(6).

and alleges, without explanation, that Plaintiff believes a Globe Life employee was calling him. Amended Compl. ¶¶ 26, 28.  These allegations are insufficient to establish direct or vicarious liability under the TCPA.

### III.   Plaintiff Fails To Allege The Calls Were "Telephone Solicitations"

The Opposition fails to meaningfully respond to the Motion's argument that the Amended Complaint failed to allege the calls constitute "telephone solicitations" as proscribed by the TCPA. The Opposition mischaracterizes the allegations of the Amended Complaint and argues that Plaintiff alleged the callers "attempted to sell the Plaintiff a Globe Life brand insurance policy." Opp. at 12.  However, the Amended Complaint actually stops short of alleging Plaintiff was solicited—instead, Plaintiff makes conclusory allegations that the "calls were made to promote Globe Life's life insurance policies," and that they were "an attempt to sell the Plaintiff" insurance. Amended Compl. ¶¶ 23, 25.

This kind of conclusory pleading is insufficient to withstand dismissal.  Courts dismiss TCPA claims when, as here, the plaintiff fails to allege facts demonstrating that the calls were "telephone solicitations." *See, e.g., Hunsinger v. Dynata LLC*, No. 22-cv-00136-G-BT, 2023 U.S. Dist. LEXIS 37879, at *19–20 (N.D. Tex. Feb. 7, 2023) (dismissing TCPA claim when plaintiff did not "allege that the call or the text, or that the website or the survey to which he was directed, asked or encouraged him to purchase, rent, or invest in any property, good, or service"), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 36524 (Mar. 4, 2003); *Gulden v. Consol. World Travel Inc.*, No. CV-16-01113-PHX-DJH, 2017 U.S. Dist. LEXIS 23350, at *6 (D. Ariz. Feb. 15, 2017) (finding complaint was deficient when "Plaintiff does not describe the calls, but simply avers that the calls were made for the purpose of soliciting for [Defendant's] products or services" (quotations omitted)); *Gillam v. Reliance First Capital, LLC*, No. 21-CV-4774 (JMA) (JMW), 2023 U.S. Dist. LEXIS 29477, at *6 (E.D.N.Y. Feb. 22, 2023) ("Plaintiff has similarly

failed to allege sufficient facts regarding the content of the calls from which the Court could infer that the purpose of the calls was to encourage the purchase or rental of, or investment in, property, goods, or services . . . Rather, Plaintiff merely concludes, without any factual support, that an RFC agent solicit[ed] refinancing products on the August 4, 2021 telephone call." (citations omitted)). The Opposition ignores the legal authority on this point and concludes, without basis, that the Amended Complaint is sufficient.

## CONCLUSION

For the reasons set forth above, the Court should grant this Motion. Plaintiff does not allege facts sufficient to state any claim against Globe Life.

Dated: December 26, 2023.

        **ALSTON & BIRD LLP**

        /s/ *Emily A. Fitzgerald*
        Emily A. Fitzgerald
        Bar No. 24097690
        2200 Ross Ave., Suite 2300
        Dallas, Texas 75201
        Tel: (214) 922-3400
        Fax: (214) 922-3899
        emily.fitzgerald@alston.com

        *Counsel for Defendant Globe Life, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2023, I electronically filed the foregoing REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will send notification of such filing and effectuate service to all counsel of record in this matter.

        **ALSTON & BIRD LLP**

        /s/ *Emily A. Fitzgerald*
        Emily A. Fitzgerald
        Bar No. 24097690
        2200 Ross Ave., Suite 2300
        Dallas, Texas 75201
        Tel: (214) 922-3400
        Fax: (214) 922-3899
        emily.fitzgerald@alston.com

        *Counsel for Defendant Globe Life, Inc.*