IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| MAXX LYMAN, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>vs.<br><br>GLOBE LIFE INC.<br><br>Defendant. | Case No. 4:23-cv-00911-SDJ |

**JOINT 26(f) REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

The Parties met and conferred on December 19, 2023. In accordance with the Court's order of November 21, 2023 (ECF No. 10), the Parties jointly propose the following conference report:

1. Plaintiff claims that the Defendant called his private telephone number 617-XXX-XXXX from the identical caller ID 888-303-9533 multiple times on September 5, 2023. The Plaintiff alleged he requested multiple times for the calls to stop, but they did not stop. The Plaintiff alleges he was told on the call that the caller was from Globe Life and called to attempt to sell him a Globe Life brand insurance policy. When the number was called back, Plaintiff alleges the number went to agents who represented they were with Globe Life. Based on these allegations, the Plaintiff brings a class action on behalf of himself and others similarly situated for violations of the TCPA, as the calls were made to his number which is on the Do Not Call Registry.

Defendant has a number of potential defenses to the Plaintiff's claims in this case. At base, Defendant is a holding company that does not sell insurance policies. Accordingly, it does not call potential customers to try and sell insurance policies. The phone number 888-303-9533 is not one that is owned by Defendant or that is used by Globe Life employees in any capacity. And Plaintiff has not alleged that Globe Life is vicariously liable for calls made by any third parties, nor is Globe

Life vicariously liable for any calls placed to Plaintiff by any third parties. Defendant reserves the right to raise additional defenses as more evidence becomes revealed in this matter.

2.      This case sounds in Federal Question Jurisdiction. However, the Defendant has raised a challenge to subject matter jurisdiction as more fully outlined in the Defendant's Motion to Dismiss under Rule 12(b)(1).

3.      Plaintiff would like the Court to be aware that discovery has uncovered that the 888-303-9533 number was previously associated with an individual named Steven Keller with KS Insurance Group, doing business as Preferred Health Advisors. The Plaintiff has issued discovery to ascertain the connection between these entities and Defendant, and may amend the complaint to add these parties, or additional parties possibly involved in the calls Plaintiff received, as discovery in this matter progresses.

Defendant has done a preliminary investigation, and it does not appear that Steven Keller, KS Insurance Group, or Preferred Health Advisors are licensed to sell insurance policies for any Globe Life insurance company. Further, it appears that Mr. Keller is solely licensed to sell insurance for LifeShield National Insurance Co., which is not a Globe Life entity. While Globe Life Inc. is not a proper defendant in this case, it is correctly identified, and it does not yet know who, if anyone, is the proper defendant in this lawsuit.

4.      The parties are not aware of any related cases to this one pending in any state or federal court.

5.      The Plaintiff and Defendant have completed and served their initial disclosures required by Rule 26(a)(1).

6.      The Parties believe that a modified version of the Court's proposed scheduling order deadlines is appropriate given the current status of this case and the fact that it is a class

action. The Parties propose the schedule attached as Appendix 1, which is modeled after and consistent with the Court's scheduling order in *Schopp v. National Debt Relief, LLC*, No. 23-CV-568-SDJ (E.D. Tex.). After the class certification issue has been resolved, the Parties will propose a more comprehensive scheduling order for the disposition of the merits of the case.

      7.      In accordance with Rule 26(f) the Parties describe:

      i.      The Plaintiff will take discovery relating to the calls Plaintiff and the class received, how Plaintiff received them, why they were placed to the Plaintiff and Class members despite their numbers being on the Do Not Call registry, Defendant's policies and procedures (or lack thereof) for complying with the TCPA, and similar discovery, including expert discovery, as to the calls, calling data, and any defenses to be raised by the Defendant, including in its motion to dismiss. The Plaintiff objects phased or limited discovery as the classwide discovery is almost identical to and duplicative of the individual discovery needed for his individual claims.

At this time, Defendant anticipates taking the deposition of the named Plaintiff and potentially any other third-party witnesses that are identified during the course of the litigation. Defendant does not believe, at this time, that phased or limited discovery is necessary.

      ii.      The Plaintiff will be requesting all ESI to be produced in its original, native, format, together with all associated metadata. This is required so that the data may be efficiently and expeditiously analyzed by Plaintiff's expert, such as to analyze calling records and data in anticipation of ascertaining the class for class certification. The parties agree to engage in a collaborative process in the event of any disputes over disclosure and discovery of ESI occur, potentially in cooperation with experts, and seek the Court's intervention as part of a court order.

      iii.      There are neither any agreements nor disputes related to asserting claims of privilege or preserving discoverable information. The Plaintiff may seek to designate as

3

confidential certain information, to include the Plaintiff's telephone number, contact information, and similar such discovery in this case. The parties anticipate jointly seeking entry of a protective order to protect information designated as confidential.

      iv.      The Parties have no proposals or changes to limit the discovery imposed by the Rules at this time.

      v.      The parties currently do not require any other orders under Rule 26(c) or 16(b) at this time.

      8.      The Plaintiff has tendered a settlement demand and is awaiting a response from the Defendant. The Defendant has not tendered their own demand or a counter-offer. The Parties have not agreed on a mediator but will certainly consider mediation as this case draws nearer to class certification.

      9.      The Plaintiff intends to depose Globe Life's 30(b)(6) representative, as well as potentially Steven Keller and the 30(b)(6) representative for KS Insurance Group. The Defendant intends to depose the Plaintiff. The parties intend to cross-depose any experts in this case.

      10.      The Plaintiff requires approximately a week for his trial should this proceed as a class action or approximately 3-4 days should this proceed as an individual action. The Plaintiff has made a jury demand. The Defendant anticipates needing an additional week for their case at trial should this proceed as a class action or an additional 3-4 days should this proceed as an individual action.

      11.      Andrew Roman Perrong, Esq. will appear in person on behalf of Plaintiff at the management conference, is an attorney of record, and has full authority to bind the client. Presently, Defendant anticipates that Emily Fitzgerald will appear in person on behalf of Defendant at the management conference as attorney of record with full authority to bind the client.

12. The Parties do not jointly consent to a trial before a Magistrate Judge.

13. The Plaintiff believes that firm case management from the Court and strict adherence to the deadlines in this case will be necessary to forestall defensive tactics in this matter that tend to work against the "just, speedy, and inexpensive determination of" this action. Only in this way will the Court be able to expeditiously and orderly prepare for trial.

Defendant is not aware of any other matters appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.

RESPECTFULLY SUBMITTED AND DATED this January 3, 2024.

*/s/ Andrew Roman Perrong (with permission)*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*


/s/ *Emily A. Fitzgerald*
Emily A. Fitzgerald
Alston & Bird LLP
Bar No. 24097690
2200 Ross Ave., Suite 2300
Dallas, Texas 75201
Tel: (214) 922-3400
Fax: (214) 922-3899
emily.fitzgerald@alston.com

*Counsel for Defendant Globe Life, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2024, I electronically filed the foregoing JOINT 26(f) REPORT REGARDING CONTENTS OF SCHEDULING ORDER with the Clerk of Court using the CM/ECF system which will send notification of such filing and effectuate service to all counsel of record in this matter.

**ALSTON & BIRD LLP**

/s/ *Emily A. Fitzgerald*
Emily A. Fitzgerald
Bar No. 24097690
2200 Ross Ave., Suite 2300
Dallas, Texas 75201
Tel: (214) 922-3400
Fax: (214) 922-3899
emily.fitzgerald@alston.com

*Counsel for Defendant Globe Life, Inc.*